**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **LUCY "JENNY" SMITH, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF LARRY COLE, DECEASED AND SHANNON SCHILD, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF LARRY COLE, DECEASED,** | § | |
| **VS.** | § | **CIVIL ACTION NO. _______** |
| **HOME DEPOT INTERNATIONAL, INC. AND HOME DEPOT U.S.A. INC., AND TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.(RYOBI TECHNOLOGIES, INC.,).** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT WITH JURY DEMAND**

TO THE HONORABLE JUGE OF SAID COURT:

Plaintiffs **LUCY "JENNY" SMITH, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF LARRY COLE, DECEASED AND SHANNON SCHILD, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF LARRY COLE, DECEASED ("Plaintiffs")**, and file this *Plaintiffs' Original Complaint with Jury Demand* over and against Defendants **HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A. INC., RYOBI TECHNOLOGIES, INC., and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., ("collectively referred to as Defendants")**. In support, Plaintiffs would show this Honorable Court the following:

## I. PARTIES

1. Plaintiff **Lucy "Jenny" Smith** is a citizen and resident of Texas, and the common law wife of the deceased, Larry Cole. Plaintiff Lucy "Jenny" Smith brings this action both individually and on behalf of her deceased husband, Larry Cole. She sues in all capacities available under the law including, but not limited to, damages related to her deceased husband, Larry Cole including, but not limited to, Texas Wrongful Death Act and the Texas Survival Statute for both wrongful death and survival damages for Larry Cole's death.

2. Plaintiff **Shannon Schild** is a citizen and resident of Texas and the daughter of the deceased Larry Cole. Plaintiff Shannon Schild brings this action both individually and on behalf of her deceased father, Larry Cole. She sues in all capacities available under the law including, but not limited to, damages related to her deceased father, Larry Cole including, but not limited to, Texas Wrongful Death Act and the Texas Survival Statute for both wrongful death and survival damages for Larry Cole's death.

3. Defendant **Home Depot U.S.A., Inc.** is a Delaware for-profit Corporation authorized to do business in the state of Texas and has its principal place of business in the State of Georgia. This Defendant may be served with process via its registered agent at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

4. Defendant **Home Depot International, Inc.** is a Delaware for-profit Corporation authorized to do business in the state of Texas and has its principal place of business in the State of Georgia. This Defendant may be served with process via its registered agent at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

5. Defendant **Techtronic Industries Factory Outlets, Inc. ("Defendant TTI")**, is a Delaware Corporation authorized to do business in the State of Texas and may be served with

process via its registered agent at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA. Upon information and belief, **Ryobi Technologies, Inc.'s** power tools and outdoor products are manufactured and/or distributed by **RYOBI DIE CASTING (USA), INC.,** in North America. Due to limited information, Plaintiffs reserve the right to amend or omit parties upon having access to sufficient information.

6. Defendant **Ryobi Die Casting (USA), Inc.,** is the US subsidiary of a Japanese corporation **Ryobi Technologies, Inc. ("Defendant Ryobi")**. Defendant **Ryobi Die Casting (USA), Inc.,** is an Indiana Corporation. This Defendant might be served by serving its registered agent: **C T CORPORATION SYSTEM** at 334 North Senate Avenue, Indianapolis, IN, 46204, USA. Upon information and belief, **Ryobi Technologies, Inc.'s** power tools and outdoor products are manufactured and/or distributed by **Ryobi Die Casting (USA), INC.** in North America. Due to limited information, Plaintiffs reserve the right to amend or omit parties upon having access to sufficient information.

## II. JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. States, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III. VENUE

5. Venue us proper in this district under 28.U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## V. FACTS

7. On or about April 20, 2026, **Larry Cole ("the Deceased")** was sleeping with his wife **Lucy "Jenny" Smith** at his house at the address of 260 Fillmore Street, Vidor, TX 77662, in Orange County, Texas, when suddenly the house was caught on fire from unknown sources. Mr. Cole was trapped in the house and unable to escape. He was burned to death in this fire along with their three dogs. Mr. Cole's wife Lucy "Jenny" Smith was also severely burned and life-flighted to UTMB in Galveston's burn unit.

8. On April 23, 2026, Crawford & Company - Mr. Cole's property insurance company sent NEFCO Fire Investigations, a fire investigation firm, to Mr. Cole's house to conduct an inspection of the incident. After the inspection, the fire investigation firm created a summary of observations and preliminary findings in which the fire analyst concluded that "at fault or failure of **lithium-ion batteries**" **("Batteries")** was a possible cause of the fire.[1]




[1] *See* NEFCO Post Inspection Communication, attached here as Exhibit 1, at pg. 1.





## VI. CAUSES OF ACTION AGAINST RYOBI TECHNOLOGIES, INC.

### A. PRODUCT LIABILITY

9. At all times material hereto, Defendant Ryobi was a manufacturer of the lithium-ion batteries in question that it designed, formulated, fabricated, produced, assembled, and placed into the stream of commerce for use or consumption. TEX. CIV. PRAC. & REM. CODE § 82.001.

10. The **Batteries** were defective in design when they left the control of Defendant Ryobi because there existed a safer alternative design.

a. A safer alternative design existed that in reasonable probability would have prevented or significantly reduced the risk of the April 20, 2026 fire without substantially impairing the product's utility.

b. The safer alternative design was economically and technologically feasible at the time the batteries in question left Defendant Ryobi's control by the application of existing or reasonably achievable scientific knowledge.

11. The design defect was a producing cause of the lithium-ion battery failure identified by NEFCO Fire Investigations on April 23, 2026, which led to the death of the deceased and the injuries sustained by Plaintiffs.

**B. <u>NEGLIGENCE</u>**

12. Defendant Ryobi owed a duty to Larry Cole, Lucy "Jenny" Smith, and other foreseeable users to exercise ordinary care in the design, manufacture, testing, quality control, labeling, and distribution of the lithium-ion batteries in question. Defendant Ryobi breached its duty by:

a. Failing to implement adequate design safeguards;

b. Failing to conduct adequate testing;

c. Failing to implement adequate quality control measures;

d. Failing to provide adequate warnings and instructions;

e. Failing to implement adequate post-sale monitoring procedures despite known risks of lithium-ion battery failures;

f. Failing to implement and/or properly manage product recall related to the **Batteries**.

g. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

13. The foregoing acts and/or omissions were a proximate and/or producing cause of the death of the deceased and Plaintiffs' injuries and damages.

### C. GROSS NEGLIGENCE

14. Defendant Ryobi acted with gross negligence by proceeding with conscious indifference to the rights, safety, and welfare of Larry Cole, Lucy "Jenny" Smith, and other consumers. Upon information and belief, Defendant Ryobi had actual, subjective awareness of the risk of lithium-ion battery failure and fire but proceeded with conscious indifference to that risk by continuing to distribute products despite knowledge of prior incidents, and/or failing to recall or retrofit products despite knowledge of the defect.

15. As a direct and proximate result of Defendant Ryobi's gross negligence, Plaintiffs are entitled to exemplary damages in addition to actual damages.

## VII. CAUSES OF ACTION AGAINST TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.

### A. PRODUCT LIABILITY

16. At all times material hereto, Defendant TTI was a manufacturer of the lithium-ion batteries in question that it designed, formulated, fabricated, produced, assembled, and placed into the stream of commerce for use or consumption. TEX. CIV. PRAC. & REM. CODE § 82.001.

17. The **Batteries** were defective in design when they left the control of Defendant TTI because there existed a safer alternative design.

a. A safer alternative design existed that in reasonable probability would have prevented or significantly reduced the risk of the April 20, 2026 fire without substantially impairing the product's utility.

b. The safer alternative design was economically and technologically feasible at the time the batteries in question left Defendant TTI's control by the application of existing or reasonably achievable scientific knowledge.

18. The design defect was a producing cause of the lithium-ion battery failure identified by NEFCO Fire Investigations on April 23, 2026, which led to the death of the deceased and the injuries sustained by Plaintiffs.

### B. NEGLIGENCE

19. Defendant TTI owed a duty to Larry Cole, Lucy "Jenny" Smith, and other foreseeable users to exercise ordinary care in the design, manufacture, testing, quality control, labeling, and distribution of the lithium-ion batteries in question. Defendant TTI breached its duty by:

a. Failing to implement adequate design safeguards;

b. Failing to conduct adequate testing;

c. Failing to implement adequate quality control measures;

d. Failing to provide adequate warnings and instructions;

e. Failing to implement adequate post-sale monitoring procedures despite known risks of lithium-ion battery failures;

f. Failing to implement and/or properly manage product recall related to the **Batteries**.

g. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

20. The foregoing acts and/or omissions were a proximate and/or producing cause of the death of the deceased and Plaintiffs' injuries and damages.

(*CONTINUE ON NEXT PAGE*)

### D. Gross Negligence

21. Defendant TTI acted with gross negligence by proceeding with conscious indifference to the rights, safety, and welfare of Larry Cole, Lucy "Jenny" Smith, and other consumers. Upon information and belief, Defendant TTI had actual, subjective awareness of the risk of lithium-ion battery failure and fire but proceeded with conscious indifference to that risk by continuing to distribute products despite knowledge of prior incidents, and/or failing to recall or retrofit products despite knowledge of the defect.

22. As a direct and proximate result of Defendant TTI's gross negligence, Plaintiffs are entitled to exemplary damages in addition to actual damages.

## VIII. Causes of Action Against Home Depot U.S.A., Inc.

### A. Liability of Nonmanufacturing Sellers

23. At all times material hereto, Defendant Home Depot U.S.A., Inc. was a seller engaged in the business of distributing and placing the batteries in question into the stream of commerce for commercial purposes. Tex. Civ. Prac. & Rem. Code § 82.001. The following allegations are pleaded jointly and/or in the alternative based upon information and belief.

24. Upon information and belief, Defendant Home Depot U.S.A., Inc. participated in the design of the batteries in question; altered or modified the batteries and Plaintiffs harm resulted from such alterations or modifications; and installed the batteries, or had the batteries installed, on another product and Plaintiffs' harm resulted from the batteries' installation onto the assembled product.

25. In addition, upon information and belief, Defendant Home Depot U.S.A., Inc. exercised substantial control over the content of a warning or instruction that accompanied the

batteries in question; The warning or instruction was inadequate; and Plaintiffs' harm resulted from the inadequacy of the warning or instruction.

26. Further, upon information and belief, Defendant Home Depot U.S.A., Inc. made an express factual representation about an aspect of the product – the safety of the batteries in question; the representation was incorrect; Plaintiffs relied on the representation in obtaining or using the product; and if the aspect of the product had been as represented, Plaintiffs would not have been harmed by the product or would not have suffered the same degree of harm;

27. Upon information and belief, Defendant Home Depot U.S.A., Inc. actually knew of a defect to the product at the time the seller supplied the product; and Plaintiffs' harm resulted from the defect.

28. Last, the manufacturer of the batteries, i.e., Ryobi Technologies, Inc., is a Japanese corporation and will likely challenge the jurisdiction of this Court.

### B. NEGLIGENCE

29. Defendant Home Depot U.S.A., Inc. owed a duty to Larry Cole, Lucy "Jenny" Smith, and other foreseeable consumers to exercise ordinary care in the inspection, storage, handling, and sale of the batteries in question.

30. Defendant Home Depot U.S.A., Inc. breached its duty by:

a. Failing to inspect the product;

b. Failing to remove defective inventory;

c. Failing to warn consumers of known risks;

d. Placing into the stream of commerce a defective and/or unreasonably dangerous product;

e. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

31. Defendant Home Depot U.S.A., Inc.'s breaches were a proximate cause of the April 20, 2026 fire which led to the death of the deceased and harm sustained by Plaintiffs.

### C. GROSS NEGLIGENCE

32. Defendant Home Depot U.S.A., Inc. acted with gross negligence by proceeding with conscious indifference to the rights, safety, and welfare of Larry Cole, Lucy "Jenny" Smith, and other consumers. Upon information and belief, Defendant Home Depot U.S.A., Inc. had actual, subjective awareness of the risk of lithium-ion battery failure and fire but proceeded with conscious indifference to that risk by continuing to sell the batteries despite knowledge of prior incidents.

33. As a direct and proximate result of Defendant Home Depot U.S.A., Inc.'s gross negligence, Plaintiffs are entitled to exemplary damages in addition to actual damages.

## IX. CAUSES OF ACTION AGAINST HOME DEPOT INTERNATIONAL, INC.

### A. LIABILITY OF NONMANUFACTURING SELLERS

34. At all times material hereto, Defendant Home Depot International, Inc. was a seller engaged in the business of distributing and placing the batteries in question into the stream of commerce for commercial purposes. TEX. CIV. PRAC. & REM. CODE § 82.001. The following allegations are pleaded jointly and/or in the alternative based upon information and belief.

35. Upon information and belief, Defendant Home Depot International, Inc. participated in the design of the batteries in question; altered or modified the batteries and Plaintiffs harm resulted from such alterations or modifications; and installed the batteries, or had the batteries

installed, on another product and Plaintiffs' harm resulted from the batteries' installation onto the assembled product.

36. In addition, upon information and belief, Defendant Home Depot International, Inc. exercised substantial control over the content of a warning or instruction that accompanied the batteries in question; The warning or instruction was inadequate; and Plaintiffs' harm resulted from the inadequacy of the warning or instruction.

37. Further, upon information and belief, Defendant Home Depot International, Inc. made an express factual representation about an aspect of the product – the safety of the batteries in question; the representation was incorrect; Plaintiffs relied on the representation in obtaining or using the product; and if the aspect of the product had been as represented, Plaintiffs would not have been harmed by the product or would not have suffered the same degree of harm;

38. Upon information and belief, Defendant Home Depot International, Inc. actually knew of a defect to the product at the time the seller supplied the product; and Plaintiffs' harm resulted from the defect.

39. Last, the manufacturer of the batteries, i.e., Ryobi Technologies, Inc., is a Japanese corporation and will likely challenge the jurisdiction of this Court.

**B. <u>NEGLIGENCE</u>**

40. Defendant Home Depot International, Inc. owed a duty to Larry Cole, Lucy "Jenny" Smith, and other foreseeable consumers to exercise ordinary care in the inspection, storage, handling, and sale of the batteries in question.

41. Defendant Home Depot International, Inc. breached its duty by:

a. Failing to inspect the product;

b. Failing to remove defective inventory;

c. Failing to warn consumers of known risks;

d. Placing into the stream of commerce a defective and/or unreasonably dangerous product;

e. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

42. Defendant Home Depot International, Inc.'s breaches were a proximate cause of the April 20, 2026 fire which led to the death of the deceased and harm sustained by Plaintiffs.

### C. GROSS NEGLIGENCE

43. Defendant Home Depot International, Inc. acted with gross negligence by proceeding with conscious indifference to the rights, safety, and welfare of Larry Cole, Lucy "Jenny" Smith, and other consumers. Upon information and belief, Defendant Home Depot International, Inc. had actual, subjective awareness of the risk of lithium-ion battery failure and fire but proceeded with conscious indifference to that risk by continuing to sell the batteries despite knowledge of prior incidents.

44. As a direct and proximate result of Defendant Home Depot International, Inc.'s gross negligence, Plaintiffs are entitled to exemplary damages in addition to actual damages.

## X. DAMAGES

45. As a direct, legal, and proximate cause of the Defendants' negligence herein, Plaintiffs suffered severe and significant personal injuries, including the death of a beloved husband and family pets. Plaintiffs hereby sue for the recovery of the following elements of damages. Plaintiff Lucy "Jenny" Smith pleads in her individual capacity for the following damages:

a. Reasonable and necessary medical and other health care related expenses, assistance, and treatment in the past and future attributable to the injuries inflicted upon Plaintiff Lucy "Jenny" Smith as described herein;

b. physical pain and suffering of Plaintiff Lucy "Jenny" Smith in the past and future;

c. mental anguish sustained by Plaintiff Lucy "Jenny" Smith in the past and future;

d. physical impairment sustained Plaintiff Lucy "Jenny" Smith in the past and future;

e. physical disfigurement sustained Plaintiff Lucy "Jenny" Smith in the past and future;

f. Lost wages and/or loss of earning capacity in the past and future;

g. For the loss of her husband, pecuniary losses including, but not limited to, the loss of Larry Cole's earning capacity, advice, counsel, services, care, maintenance and support, including all other pecuniary losses available under the law in the past and future;

h. For the loss of her husband, mental anguish in the past and future;

i. For the loss of her husband, loss of companionship and society in the past and future;

j. For the loss of her husband, loss of inheritance; and

k. All other damages, at equity or at law, under Texas and/or federal law, available to this Plaintiff including, nominal, consequential, economic, non-economic, direct, indirect, punitive, and/or exemplary damages, as well as all

damages under the Texas Wrongful Death Act and the Texas Survival Statute in addition to her own injuries and damages directly sustained in the fire.

46. Plaintiffs Lucy “Jenny” Smith and Shannon Schild plead, as representatives of the Estate for the deceased, for the following survival damages:

a. Physical pain and suffering endured by the deceased in the past;

b. Mental anguish and emotional distress suffered by the deceased in the past;

c. Physical impairment and loss of normal use of his body suffered by the deceased in the past;

d. Physical disfigurement suffered by the deceased in the past;

e. Funeral and burial expenses incurred as a result of the deceased’s death;

f. All other damages, at equity or at law, under Texas and/or federal law, available to these Plaintiffs including, nominal, consequential, economic, non-economic, direct, indirect, punitive, and/or exemplary damages, as well as all damages under the Texas Wrongful Death Act and the Texas Survival Statute in addition to their own injuries and damages.

47. As a direct, legal, and proximate cause of the Defendants’ negligence herein, Plaintiffs suffered severe and significant personal injuries, including the death of a beloved husband and family pets. Plaintiffs hereby sue for the recovery of the following elements of damages. Plaintiff Shannon Schild pleads in her individual capacity for the following damages:

a. For the loss of her father, pecuniary losses including, but not limited to, the loss of Larry Cole’s earning capacity, advice, counsel, services, care, maintenance and support, including all other pecuniary losses available under the law in the past and future;

b. For the loss of her father, mental anguish in the past and future;

c. For the loss of her father, loss of companionship and society in the past and future;

d. For the loss of her father, loss of inheritance; and

e. All other damages, at equity or at law, under Texas and/or federal law, available to this Plaintiff including, nominal, consequential, economic, non-economic, direct, indirect, punitive, and/or exemplary damages, as well as all damages under the Texas Wrongful Death Act and the Texas Survival Statute in addition to her own damages.

48. Plaintiffs seek all damages available under Texas law including, but not limited to, special, consequential, direct, indirect, nominal, economic, non-economic, and all types of damages available under Texas law. Plaintiffs further assert their right to recover over and from the Defendants any and all interest allowed by law including pre-judgment and post-judgment interest as well as court costs.

## XI. JURY DEMAND

49. Plaintiffs request that this case be tried by jury, and that upon final hearing of such evidence that the jury return a verdict in conformity with the evidence in such an amount as within this Court's discretion that is just and reasonable.

## XII. PRAYER

50. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, that upon final trial hereof, the Plaintiffs recover against Defendants all of Plaintiffs' damages as set forth herein as well as pre- and post-judgment interest

at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700 – T
(409) 832-9708 – F

By: /s/ **Mark Sparks**
Mark C. Sparks
State Bar No. 24000273
mark@thefergusonlawfirm.com
Jie (Albert) Lyu
State Bar No. 24151460
alyu@thefergusonlawfirm.com
sasta@thefergusonlawfirm.com

And
**LAW OFFICE OF MATTHEW R. WILLIS**
2905 Sackett,
Houston, Texas 77098
713-715-7075 - T
713-715-7860 - F

By: /s/ **Matthew R. Willis**
Matthew R. Willis
Texas State Bar No. 21648600
Email: mrw@willistriallaw.com

**ATTORNEYS FOR PLAINTIFFS**